**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ROBERT BISCAINO, INDIVIDUALLY
AND ON BEHALF OF OTHER PERSONS
SIMILARLY SITUATED,

        **Plaintiffs,**

-vs-                                    **Case No. 6:11-cv-851-Orl-28DAB**

RELIANCE HEATING AND AIR
CONDITIONING, INC.,

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**     **MOTION TO DISMISS COMPLAINT WITH PREJUDICE (Doc. No. 18)**
>
> **FILED:**       **August 12, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.
>
> **MOTION:**     **MOTION TO APPROVE SETTLEMENT (Doc. No. 19)**
>
> **FILED:**       **August 22, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

On May 20, 2011, Plaintiff filed suit against Defendant asserting overtime claims arising under the Fair Labor Standards Act ("FLSA"). Plaintiff contended that he was entitled to $3,600 in

overtime damages and equal amount in liquidated damages for a total of $7,200[1]. Doc. 11-1. Defendant tendered $7,200 to Plaintiff; Defendant contends that this tender for the full amount of overtime rendered Plaintiff's claims moot, and Defendant seeks dismissal of Plaintiff's claims. Doc. 18 ¶¶ 5-6; Doc. 18-1. Plaintiff, viewing the $7,200 tender from Defendant as an offer of settlement, now moves the Court to deny the Motion to Dismiss and instead approve the settlement and award attorney's fees of $2,015. Doc. 19. The parties have filed Responses and a Reply to the respective Motions as well as Notices of Supplemental Authority. Doc. 19, 20, 22, 26, 30.

Defendant argues that it has tendered full payment for all damages alleged by Plaintiff, and as such, Defendant "has eliminated any controversy or cause of action available to be pursued by Plaintiff. Accordingly, pursuant to Federal Rule of Civil Procedure 12(h)(3), dismissal with prejudice of Plaintiff's claims is appropriate." Doc. 18. Defendant contends that, because Plaintiff's claim is moot, he is not entitled to attorneys' fees and costs because no judgment has been awarded. Doc. 19 at 5 (citing 29 U.S.C. § 216(b)).

Plaintiff argues that Defendant's tendering of the full amount sought by Plaintiff is an effort to circumvent the mandates of *Lynn's Food Stores, Inc. v. U.S. Department of Labor*, 679 F.2d 1350 (11th Cir. 1982), and to avoid liability for attorneys' fees which pursuant to 29 U.S.C. 216(b) is an element of Plaintiff's FLSA claims. Doc. 19. Plaintiff argues that Defendant has simply made an offer to resolve Plaintiff's claim, exclusive of attorneys' fees and costs, which Plaintiff now presents to the Court for approval of the settlement of the back-wages owed plaintiff, and liquidated damages,

---

[1]When Defendant failed to timely respond to the Complaint, Plaintiff sought, and the Clerk entered a default (Doc. 10). In support of his Motion for a Default Final Judgment (Doc. 11), Plaintiff submitted a declaration in which he alleged he was seeking $3,600.00 in overtime damages, plus an equal amount as liquidated damages, totaling $7,200.00. Doc. 11-1. The Court subsequently granted Defendant's Motion to Vacate the Default, conditioned on Defendant paying Plaintiff $1,000.00 in attorneys' fees and costs associated with vacating the default. Doc. 15.

with the Court reserving jurisdiction to determine the amount of prevailing party attorney's fees and costs.

Defendant hangs its hat exclusively on the Eleventh Circuit's panel opinion in *Dionne v. Floormasters Enterprises, Inc.*, Case No. 09-15405, 2011 WL 3189770, *6 (11th Cir. July 28, 2011) to argue that Defendant's voluntary action in tendering the $7,200 is not the equivalent of the entry of a judgment, and "[t]he FSA plainly requires a plaintiff receive a judgment in his favor to be entitled to attorneys' fees and costs." Doc. 16 at 6. Defendant argues, citing *Dionne*, that Plaintiff's claim is mooted by the tender of the $7,200 and Plaintiff's case should be dismissed with prejudice and an order entered that Plaintiff is not entitled to an award of attorneys' fees and costs.

However, the Eleventh Circuit panel in *Dionne v. Floormasters Enters., Inc.*, __ F.3d __, 2012 WL 104906 (11th Cir. 2011) has now vacated its prior opinion on which Defendant exclusively relied, and on January 13, 2012, issued a new opinion which added the following explanation of the narrow application of the case:

> Our decision in this matter addresses a **very narrow question**: whether an employee who conceded that his claim should be dismissed before trial as moot, when the full amount of back pay was tendered, was a prevailing party entitled to statutory attorney's fees under § 216(b). It should not be construed as authorizing the denial of attorney's fees, requested by an employee, solely because an employer tendered the full amount of back pay owing to an employee, prior to the time a jury has returned its verdict, or the trial court has entered judgment on the merits of the claim.

*Id*. at n. 5 (emphasis added). The Eleventh Circuit also made clear that the trial court had granted the defendant's motion to dismiss because "Dionne conceded that Floormasters' tender of the amount set forth in Dionne's complaint wile vigorously denying liability, mooted Dionne's overtime claim." *Id*. Consequently, Dionne was not a prevailing party because in granting the defendant's motion to dismiss for lack of subject matter jurisdiction, the district court did not award a judgment to the plaintiff. Plaintiff points out, that in this case, unlike the facts in *Dionne*, he has never conceded that

-3-

this action was mooted by Defendant's tender, and he has always specifically denied that contention. The Court finds that the facts of this case are distinguishable from *Dionne* on that basis alone. In addition, for the reasons stated by Judge *Whittemore, in Klinger v. Phil Mook Enters.*, Case No. 8:11-cv-01586-JDW-TGW, Doc. 12 (M.D. Fla. Sept. 13, 2011), the district court should not allow a defendant to avoid responsibility for attorneys' fees *after* the commencement of the litigation, which would run counter to the FLSA's purpose of fully compensating a wronged employee, and would circumvent the requirements of Rule 68 of the Federal Rules of Civil Procedure. *Id*. at 2. It is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss the Complaint with Prejudice (Doc. No. 18) be **DENIED**[2].

On the other hand, Defendant has tendered the full amount of Plaintiff's claim for overtime plus an equal amount in liquidated damages. Typically, if a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under § 216(b) to recover back wages for FLSA violations. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114). On its face, the tender of the full amount of overtime and liquidated damages would appear to be a "fair and reasonable" settlement *amount* in that it is for the full amount of Plaintiff's claims; however, it does not appear that any formal agreement of settlement of the case or meeting of the minds was reached in that Plaintiff sought additional relief including a

---

[2] As to mootness, there is also the issue of the remaining claims of the Opt-in Plaintiff Horton, which Defendant failed to address.

judgment (Doc. 19) and Defendant maintains that its tender "was not an offer of settlement" (Doc. 20), and no settlement *agreement* has been presented to the Court for review. It is respectfully **RECOMMENDED** that Plaintiff's Motion to Approve Settlement (Doc. No. 19) be **DENIED** without prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 27, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy