# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ROBERT BISCAINO, INDIVIDUALLY
AND ON BEHALF OF OTHER PERSONS
SIMILARLY SITUATED,**

                **Plaintiffs,**

**-vs-**                                                        **Case No. 6:11-cv-851-Orl-28DAB**

**RELIANCE HEATING AND AIR
CONDITIONING, INC.,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 38)**
>
> **FILED:**      **March 28, 2012**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under

section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Plaintiff Robert Biscaino filed suit on May 20, 2011; Opt-in Plaintff Phillip Horton joine the suit on September 30, 2011. Both worked as Service Technicians, routinely working 45 to 55 hours per week, for which they did not receive overtime. Doc. 38. Based on the parties' representations in the Joint Motion for Approval of Settlement, Plaintiff Biscaino sought overtime from Defendant from January 2009 to January 2010, for a total of $3,600. Doc. 38. Plaintiff Horton's overtime claim was revised following receipt of the records and withing the 45 weeks in the limitations period, he only sought overtime for 31 weeks, for a total of $3,720. Doc. 38. The settlement to Plaintiff Biscaino of $7,200 in unpaid wages ans liquidated damages and to Plaintiff Horton of $7,500 represents the full disputed amounts Plaintiffs sought.

The parties have agreed that Defendant will pay Plaintiffs' attorneys $12,800 in attorney's fees and costs. Doc. 38. Because Plaintiff have received the full amount sought for wages and liquidated damages and there was no compromise of the claim, the Court does not review the amount attorney's fees and costs. Accordingly, the settlement to Plaintiff Biscaino of $7,200 and to Plaintiff Horton of $7,500 is a fair and reasonable settlement. Accordingly, it is respectfully **RECOMMENDED** that the Joint Motion for Approval of Settlement Agreement (Doc. 38) be **GRANTED** and the Clerk be **DIRECTED** to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 29, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy